Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6434 | **DATE** | January 17, 2002 |
| **CASE TITLE** | ABI v. Schlumberger | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion for summary judgment and other relief [22] is granted as to Count I. (We have already granted the motion as to Count II of the two-count complaint.) Pursuant to Rule 56(d), we find that there is no genuine dispute that ABI's damages, if any, are contractually limited to the purchase price paid by ABI for the allegedly defective credit card processing terminals. A further status is set for January 30, 2002 at 10:30 a.m.

(11) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JAN 2 2 2002 | |
| | Notified counsel by telephone. | U.S. DISTRICT COURT CLERK | date docketed | |
| | Docketing to mail notices. | | | 43 |
| | Mail AO 450 form. | JAN 22 PM 12: 33 | docketing deputy initials | |
| | Copy to _____ | FILED-ED 10 | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

99-6434.021-JCD                                             January 17, 2002

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

AMERICAN BANKCARD INTERNATIONAL, )
INC.,                            )
                                 )
            Plaintiff,           )
                                 )
      v.                         )    No. 99 C 6434
                                 )
SCHLUMBERGER TECHNOLOGIES, INC., )
                                 )
            Defendant.           )

## MEMORANDUM OPINION

Before the court is defendant's motion for summary judgment and other relief. For the reasons stated below, the motion is granted as to Count I of the Complaint.

This is an action for breach of contract and fraudulent inducement in connection with an Agreement that plaintiff, American Bankcard International, Inc. ("ABI"), entered into with defendant, Schlumberger Technologies, Inc. ("Schlumberger"), to buy credit card processing terminals.

We outlined the facts of this case in our memorandum opinion dated November 8, 2001, granting Schlumberger's motion for summary judgment on Count II of the complaint.[1] We also requested further briefing regarding Count I, which alleges that Schlumberger

---

[1] Count II of the complaint alleges that Schlumberger made various fraudulent representations that induced ABI to enter into the Agreement.



breached the provision of the Agreement warranting that the terminals would be free from defects in material and workmanship. Schlumberger argues that ABI's remedy for breach of warranty is limited to the purchase price of the terminals, pursuant to the Agreement, and moves for an order specifying that this is uncontroverted.[2]

Paragraph 8.1 of the Agreement, which is in the "Limitation of Liability" section, reads as follows:

> Except as defined herein, [ABI's] exclusive remedy and SCHLUMBERGER's total liability for any and all losses and damages from any cause whatsoever arising from or related to this contract (whether such cause be based in contract, negligence, strict liability, tort, or otherwise) will in no event exceed the purchase price of the Products and Licensed Programs in respect to which such cause arises.

(Defendant's Rule 56.1 Statement of Uncontested Facts, Ex. A, Agreement, ¶ 8.1.)

---

[2] While judgment as a matter of law on a portion of a single claim is not an option under the Federal Rules, a district court may, pursuant to Rule 56(d), issue an order "specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy." Fed. R. Civ. P. 56(d); see also Occidental Fire & Cas. Co. v. Continental Bank N.A., 918 F.2d 1312, 1320 (7th Cir. 1990) (noting that under Rule 56(d) the trial court may enter a binding order "listing the facts that are not in dispute"); U.S. ex rel. Ramm Plumbing Co. v. Wil-Freds Constr., Inc., 1997 WL 391456, No. 96 C 793, at *4 (N.D. Ill. July 7, 1997) (Grady, J.). Although this pretrial procedure is sometimes labeled "partial summary judgment," it is actually interlocutory in nature. Capitol Records, Inc. v. Progress Record Distrib., Inc., 106 F.R.D. 25, 29 (N.D. Ill. 1985); see also EEOC v. Sears, Roebuck & Co., 839 F.2d 302, 353 n.53 (7th Cir. 1988) (noting that "the phrase 'partial summary judgment' is typically a misnomer used to describe a pretrial order under [Rule] 56(d)" because such an order "is definitely interlocutory and nonappealable"). The purpose of this procedure is twofold: to salvage some of the judicial effort involved in the denial of a motion for summary judgment and to streamline the litigation process by narrowing the triable issues. Lovejoy Electronics, Inc. v. O'Berto, 616 F. Supp. 1464, 1473 (N.D. Ill. 1985) (citing, inter alia, Yale Transp. Corp. v. Yellow Truck & Coach Mfg., 3 F.R.D. 440, 441 (S.D.N.Y. 1944)).

The parties' previous arguments regarding this paragraph are as follows:

> Schlumberger contends that consequently, ABI's exclusive remedy is the total purchase price paid by ABI for the terminals and related equipment. Schlumberger acknowledges that such exclusive remedy provisions are unenforceable if they "fail their essential purpose," but argues that ABI has not produced any evidence to show that the remedy failed its essential purpose.
> ABI argues that other remedies, such as repair or replacement, are referenced in the Agreement, and thus the remedy provided in ¶ 8.1 is "supplemental" to, rather than exclusive of, the other remedies. ABI contends that ¶ 8.1 contemplates that other provisions of the Agreement may provide remedies additional to the purported "exclusive" remedy of refund of purchase price because the paragraph begins with the phrase "[e]xcept as defined herein." ABI also points out that, "as the drafter of the form contract, [Schlumberger] could certainly have included clearer language if it intended at the time of contracting to limit the Plaintiff's remedy in a way it now argues."

Memorandum Opinion at 9 (Nov. 8, 2001) (citations omitted).

We asked the parties to brief more fully the effect of the phrase "[e]xcept as defined herein" in ¶ 8.1 of the Agreement. Schlumberger contends that the phrase "neither negates nor diminishes the applicability of Paragraph 8.1 to ABI's breach of warranty claim, nor does it create any ambiguity" because it is simply "a vestigial reference to a deleted portion of the Agreement." (Defendant's Supplemental Memorandum at 1, 4.) Paragraph 8.2, the deleted portion of the Agreement, had originally followed ¶ 8.1 and provided:

> In the event of proven fraudulent use of smart cards, or any information contained thereon, or any errors resulting from [ABI]-furnished input data including

>initialization and personalization information as a result of careless, negligent, or felonious acts of an employee or agent of SCHLUMBERGER, the maximum liability of SCHLUMBERGER will be $500 per card or account involved, whichever is less, with a maximum limit of $5000 per year of proven loss per [ABI]. SCHLUMBERGER will not be held liable for damages resulting from the use of cards personalized by SCHLUMBERGER according to inaccurate, incomplete or out-of-date requirements from [ABI]. IN NO EVENT WILL SCHLUMBERGER BE LIABLE FOR INCIDENTAL, CONSEQUENTIAL, INDIRECT OR PUNITIVE DAMAGES OR DAMAGES FOR LOSS OF REVENUES, LOSS OF PRODUCT OR LOSS OF DATA RESULTING FROM ANY SUCH CAUSE. SCHLUMBERGER MAY, AT ITS SOLE OPTION, EITHER REPAIR OR REPLACE DEFECTIVE PRODUCTS AND LICENSED PROGRAMS OR REFUND THE PURCHASE PRICE PAID UPON RETURN OF PRODUCTS TO SCHLUMBERGER, AND WILL THEREAFTER HAVE NO FURTHER OBLIGATION TO [ABI]. THESE LIMITATIONS WILL APPLY EVEN IF ANY LIMITED REMEDY FAILS IN ITS ESSENTIAL PURPOSE.

(Defendant's Rule 56.1 Statement of Uncontested Facts, Ex. A, Agreement, ¶ 8.2 (deleted)). In short, ceilings were placed on Schlumberger's liability in the event that "smart cards" were used fraudulently or negligently programmed, and Schlumberger had the sole option to either repair or replace or refund the purchase price of defective products. It is undisputed that ¶ 8.2 was deleted at ABI's request.

ABI argues that the phrase "[e]xcept as defined herein" in ¶ 8.1 refers to other remedies provided for in other paragraphs of the contract. For purposes of this motion, we will adopt ABI's reasoning and assume that the phrase does in fact indicate that the remedy specified in ¶ 8.1 merely "supplements" remedies provided for elsewhere in the Agreement. ABI contends that the Agreement provides for remedies in four other sections: sections 4 and 5, and

paragraphs 7.2 and 10.3. The crucial question, however, is whether those sections provide remedies that are applicable to ABI's breach of warranty claim. An examination of the provisions reveals that they do not. Sections 4 and 5 are titled "Confidentiality" and "Trademarks"; neither has anything to do with a remedy for breach of warranty. Paragraph 10.3, in the "Patents" section, is inapplicable because it addresses remedies for patent infringement. Paragraph 7.2 is in the "Warranty" section and does refer to "repair or replacement."[3] But it is clear that ¶ 7.2 does not <u>create</u> a remedy for breach of warranty; as Schlumberger points out, the language referring to repair or replacement is in a sentence that demarcates the applicability of the warranty itself, not remedies or damages for breach of the warranty. Thus, even under ABI's argument, ¶ 8.1 constitutes the only remedy available to ABI because no other provision of the Agreement contains a different remedy for breach of warranty.

ABI's alternative theory is that, even if the effect of ¶ 8.1 is to limit the remedy to refund of purchase price, there is an issue of fact as to the enforceability of the limitation because

---

[3] Paragraph 7.2 reads as follows: "These obligations [the warranty provisions contained in ¶ 7.1] apply to Products for which (i) written notice of non-conformance is received before the expiration of the warranty period; (ii) after SCHLUMBERGER's authorization, are returned to SCHLUMBERGER's original U.S. shipping point, freight charges prepaid; and (iii) after examination are disclosed, to SCHLUMBERGER's satisfaction, to be non-conforming. Any such repair or replacement will not extend the period within which such warranty can be asserted." (Defendant's Rule 56.1 Statement of Uncontested Facts, Ex. A, Agreement, ¶ 7.2.)

there is evidence that the remedy has "fail[ed] of its essential purpose." N.J. Stat. Ann. § 12A:2-719 (concerning contractual modification and limitation of remedies). ABI contends that there is evidence that Schlumberger was not able to provide conforming credit card terminals in a timely manner and therefore that the exclusive remedy failed its essential purpose.

We disagree. Such an argument might have force in cases where the exclusive remedy is for repair or replacement and there is an undue delay in, or failure of, performance. But it is irrelevant where the exclusive remedy is refund of purchase price. ABI does not explain how <u>this</u> remedy fails here. It appears to us that the parties have intentionally contracted to limit their remedies, and there is no reason for the court to interfere with their agreement. It is not the court's role to rewrite the contract of the parties.

## **CONCLUSION**

For the foregoing reasons, defendant's motion is granted as to Count I. (We have already granted the motion as to Count II of the two-count complaint.) Pursuant to Rule 56(d), we find that there is no genuine dispute that ABI's damages, if any, are contractually limited to the purchase price paid by ABI for the allegedly defective credit card processing terminals.

Date:   January 17, 2002

ENTER:  _____
        John F. Grady, United States District Judge