# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6434 | **DATE** | February 21, 2002 |
| **CASE TITLE** | ABI v. Schlumberger | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for clarification of the January 17 memorandum opinion [45] is granted. The language "refund of" [purchase price] and [purchase price] "paid" is hereby deleted from that opinion. Plaintiff's motion to reconsider our rulings of November 8, 2001 and January 17, 2002 [45-1] is denied.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| x | Notices mailed by judge's staff. | | FEB 2 5 2002 | |
| | Notified counsel by telephone. | | date docketed | 50 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK
02 FEB 25 PM 1:43
FILED-ED 10

(Reserved for use by the Court)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DOCKETED

FEB 2 5 2002

|  |  |  |
|---|---|---|
| AMERICAN BANKCARD INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 99 C 6434 |
| | ) | |
| SCHLUMBERGER TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

Before the court is plaintiff's motion for reconsideration and clarification. For the reasons stated herein, the motion is denied in part and granted in part.

This is an action for breach of contract and fraudulent inducement in connection with an Agreement that plaintiff, American Bankcard International, Inc. ("ABI"), entered into with defendant, Schlumberger Technologies, Inc. ("Schlumberger"), to buy credit card processing terminals. On November 8, 2001, we granted Schlumberger's motion for summary judgment on Count II of the complaint, which alleges that Schlumberger made various fraudulent representations that induced ABI to enter into the Agreement. On January 17, 2002, we granted Schlumberger's motion as to Count I, which alleges that Schlumberger breached the provision of the Agreement warranting that the terminals would be free from defects

58

in material and workmanship.  We found, pursuant to Rule 56(d), that there is no genuine dispute that ABI's damages, if any, are contractually limited to the purchase price of the terminals.  ABI now moves this court to reconsider our rulings and also requests clarification of our January 17 ruling.

### I.

ABI argues that we should vacate our order of summary judgment as to Count II because we erred by relying on Rissman v. Rissman, 213 F.3d 381 (7th Cir. 2000).  ABI contends that Rissman, in which the Seventh Circuit held that "a written anti-reliance clause precludes any claim of deceit by prior representations," is limited to securities transactions and "does not, and was not meant to, overrule Illinois doctrine on the effect of merger or non-reliance clauses in fraud claims."  (Motion at 2.)

ABI incorrectly treats merger (or integration) clauses and non-reliance clauses identically.  Merger clauses tell a contracting party that extra-contractual statements are not part of the contract.  These kinds of statements do not negate the element of reasonable reliance; they are simply expressions of the "metes and bounds of the contract."  J.C. Whitney & Co. v. Renaissance Software Corp., No. 99 C 3714, 2000 WL 556610, at *10 (N.D. Ill. Apr. 19, 2000), adopted in part on relevant grounds and modified in part on other grounds, 98 F. Supp. 2d 981 (N.D. Ill. 2000).  By contrast, this case involves a non-reliance clause, an express

assurance by a contracting party that it has not relied on prior statements. Under the right contractual circumstances, such clauses can negate the element of reasonable reliance. The cases cited by ABI in support of its argument are not apposite because they do not address non-reliance clauses, only merger clauses.

Moreover, there is no indication in <u>Rissman</u> that the Seventh Circuit intended that its holding be limited only to securities cases. The court's holding is expressed in general terms and is followed by statements of general contract principles, such as "[c]ontractual language serves its functions only if enforced consistently." 213 F.3d at 384-85. There is also no indication in <u>Rissman</u> that the Seventh Circuit believed that its ruling was contrary to Illinois law. ABI fails to persuade us that <u>Rissman</u> does not control our analysis.

## II.

Regarding Count I, ABI contends that we "overlooked" its arguments and authority for the proposition that the purchase price remedy "failed of its essential purpose." (Motion at 6-11.) According to ABI, there is a "hotly contested" issue of fact as to whether the exclusive remedy failed its essential purpose. (<u>Id.</u> at 10.)

As before, we reject ABI's argument. Much of its discussion is relevant to cases where the exclusive remedy is for repair or replacement. The remedy at issue, however, is for purchase price.

ABI still fails to directly address that remedy or to thoroughly explain and analyze its _specific_ purpose and how that purpose failed here.  ABI made a bargain and agreed to limit its remedy, and it has not convinced this court that the remedy failed its purpose.

### III.

ABI seeks clarification of our January 17 memorandum opinion to the extent that the opinion suggests that ABI's remedy for breach of contract is limited to a "refund" of purchase price or the purchase price "paid" by ABI.  The Agreement simply provides that ABI's remedy "will in no event exceed the purchase price of the Products and Licensed Programs."  (Defendant's Rule 56.1 Statement of Uncontested Facts, Ex. A, Agreement, ¶ 8.1.)

We did not intend to convey anything that differs from what is stated in the Agreement.  To eliminate any confusion that we may have caused by our choice of language, we will amend the memorandum opinion of January 17, 2002 to delete the language "refund of" [purchase price] and [purchase price] "paid."  The appropriate holding is that there is no genuine dispute that ABI's damages, if any, "will in no event exceed the purchase price of the Products and Licensed Programs."

### CONCLUSION

For the foregoing reasons, plaintiff's motion is granted regarding clarification of our January 17 memorandum opinion.  The

language "refund of" [purchase price] and [purchase price] "paid" is hereby deleted from that opinion. Plaintiff's motion to reconsider our rulings of November 8, 2001 and January 17, 2002 is denied.

DATE:        February 21, 2002

ENTER:

John F. Grady, United States District Judge