# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6434 | **DATE** | April 9, 2002 |
| **CASE TITLE** | ABI v. Schlumberger | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Plaintiff's motion for leave to file a first amended complaint [ ] is denied. ENTER MEMORANDUM OPINION.

(11)   [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| x | Notices mailed by judge's staff. | | | APR 1 7 2002 | 55 |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | U.S. DISTRICT COURT | docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| | Copy to _____ | | | date mailed notice | |
| KAM | courtroom deputy's initials | | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

(Reserved for use by the Court)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DOCKETED

APR 17 2002

| | |
|---|---|
| AMERICAN BANKCARD INTERNATIONAL, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 99 C 6434 ) |
| SCHLUMBERGER TECHNOLOGIES, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the court is plaintiff's motion for leave to file a first amended complaint. For the following reasons, the motion is denied.

## BACKGROUND

This is an action for breach of contract and fraudulent inducement in connection with an Agreement that plaintiff, American Bankcard International, Inc. ("ABI"), entered into with defendant, Schlumberger Technologies, Inc. ("Schlumberger"), to buy credit card processing terminals. On November 8, 2001, we granted Schlumberger's motion for summary judgment on Count II of the complaint, which alleges that Schlumberger made various fraudulent representations that induced ABI to enter into the Agreement. On January 17, 2002, we granted Schlumberger's motion for "partial" summary judgment on Count I, which alleges that Schlumberger



breached the provision of the Agreement warranting that the terminals would be free from defects in material and workmanship. We found, pursuant to Rule 56(d), that there is no genuine dispute that ABI's damages, if any, are contractually limited to the purchase price of the terminals. ABI moved for reconsideration and clarification of our rulings. On February 21, 2002, we denied the motion for reconsideration and granted the motion to clarify, stating that "[t]he appropriate holding is that there is no genuine dispute that ABI's damages, if any, "will in no event exceed the purchase price of the Products and Licensed Programs."

Thus, ABI's breach of contract claim survives, but ABI's damages are limited by the provisions of the contract. ABI now moves for leave to file a first amended complaint adding a claim for "post-contractual fraud" under Illinois law.

### DISCUSSION

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings. Rule 15(a) provides that once a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Rule 15(a) embodies a liberal approach to amendments, see Diersen v. Chicago Car Exchange, 110 F.3d 481, 489 (7th Cir. 1997), and states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The rule thus "reflects a policy that cases should generally be decided on the

merits and not on the basis of technicalities." <u>McCarthy v.</u>
<u>PaineWebber, Inc.</u>, 127 F.R.D. 130, 132 (N.D. Ill. 1989); <u>see also</u>
<u>Stern v. United States Gypsum, Inc.</u>, 547 F.2d 1329, 1334 (7th Cir.
1977) (stating that "this circuit has adopted a liberal policy
respecting amendments to pleadings so that cases may be decided on
the merits"). As a result,

> [i]n the absence of any apparent or declared reason--
> such as undue delay, bad faith or dilatory motive on the
> part of the movant, repeated failure to cure deficiencies
> by amendments previously allowed, undue prejudice to the
> opposing party by virtue of allowance of the amendment,
> futility of amendment, etc.--the leave sought should, as
> the rules require, be "freely given."

<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

ABI would like to add a count to its complaint alleging a
claim for "continuing" or "post-contractual" fraud based on the
duty of good faith and fair dealing. ABI alleges that
Schlumberger's internal documents show that after the parties
executed the Agreement, Schlumberger became aware of serious
problems with the hardware and software Schlumberger had sold to
ABI and concealed those problems.

Schlumberger argues that futility is a ground for denying
leave to amend in this case. Schlumberger contends that the
amendment is futile because ABI's claim is based on the duty of
good faith and fair dealing, and Illinois law does not recognize
breach of that duty as an independent tort.

ABI relies exclusively on a Seventh Circuit opinion applying Illinois law, Ampat/Midwest, Inc. v. Illinois Tool Works Inc., 896 F.2d 1035 (7th Cir. 1990), which purportedly recognizes "a cause of action for continuing or post-contractual fraud" "where the defendant conceals or actively misrepresents defects after the contract was executed." (Reply at 11.)[1] The court in Ampat stated:

> [T]he manufacturer has a duty to reveal to the buyer facts known to it that bear on the cause of the failure and would if revealed enable the buyer to avert or minimize the adverse consequences of the failure. The seller cannot sit idly by while the buyer flails about trying to cope with the failure of the seller's product. The duty we are positing is an aspect of the duty of good faith that is read into every express contract in Illinois. . . . A seller who has reason to know that the failure of his product to perform in the manner warranted is due to a defect in the product can neither keep silent while knowing the nature of the problem nor pretend that the failure is really due to improper installation by the buyer or to an isolated problem that will be corrected by the shipment of replacement product. Such a seller commits fraud.

896 F.2d at 1040-41 (emphasis added).

ABI cites no Illinois state court cases recognizing a cause of action for "continuing" or "post-contractual" fraud based on the duty of good faith and fair dealing, and the above-quoted statement in Ampat appears to be contradicted by a number of cases from Illinois state courts. The duty of good faith and fair dealing is

---

[1] ABI also cites Market Street Associates Limited Partnership v. Frey, 941 F.2d 588, 594 (7th Cir. 1991), which merely cites Ampat/Midwest in dicta concerning the nature of the duty of good faith and fair dealing.

a part of every express contract under Illinois law, but it does not form the basis for an independent tort. <u>See, e.g.</u>, <u>Coleman v. Madison Two Assocs.</u>, 718 N.E.2d 668, 674-75 (Ill. App. Ct. 1999) ("[N]otions of fair dealing and good faith by themselves do not form the basis for tort relief."); <u>Guardino v. Chrysler Corp.</u>, 691 N.E.2d 787, 793 (Ill. App. Ct. 1998); <u>Anderson v. Burton Assocs., Ltd.</u>, 578 N.E.2d 199, 203 (Ill. App. Ct. 1991). Accordingly, ABI's proposed amendment would be futile because the claim could not withstand a motion to dismiss, and we must deny the motion for leave to amend.[2] <u>See</u> <u>Foman</u>, 371 U.S. at 182 (Rule 15(a)'s general liberal approach to amendments must yield when specific reasons to deny the motion are presented).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file a first amended complaint is denied.

DATE:        April 9, 2002

ENTER:

_____
John F. Grady, United States District Judge

---

[2] Because we are denying ABI's motion on this ground, we need not address Schlumberger's alternative arguments for denial of leave to amend (undue delay, bad faith/dilatory motive, and undue prejudice).